IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS MERCADO as administrator of the ESTATE OF ANA ABREU, | ) CIVIL ACTION </br> ) </br> ) NO. |
| Plaintiff, | ) |
| v. | ) </br> ) |
| UGI UTILITIES, INC., LEEWARD CONSTRUCTION, INC., and QUALITY INTEGRATED SERVICES, INC. | ) </br> ) </br> ) </br> ) |
| Defendants | ) |

## NOTICE OF REMOVAL BY DEFENDANT UGI UTILITIES, INC.

Defendant, UGI Utilities, Inc. ("UGI"), by and through its counsel, Post & Schell, P.C., hereby submits this Notice of Removal and avers as follows:

1. This matter arises from an alleged accident that occurred on December 25, 2020.

2. Plaintiff Luis Mercado, on behalf of decedent Ana Abreu, initiated this lawsuit by filing a Writ of Summons in the Pennsylvania Court of Common Pleas of Lackawanna County on or about December 19, 2022. *See* a true and correct copy of the Abreu Writ attached hereto as Exhibit "1."

3. Plaintiff Luis Mercado also filed a separate Writ on Summons on his own behalf at the same place and time, against the same Defendants. *See* a true and correct copy of the Mercado Writ attached hereto as Exhibit "2."

4. Plaintiff Jobanni Peralta also filed a separate Writ on Summons on his own behalf at the same place and time, against the same Defendants. *See* a true and correct copy of the Peralta Writ attached hereto as Exhibit "3."

5. Upon information and belief, all three lawsuits were filed as a result of a single vehicle accident wherein all three Plaintiffs occupied the same vehicle, including decedent Abreu, and claimed injuries arising therefrom. Therefore the December 25, 2020 accident involves the same operative facts and claims. All three Plaintiffs are represented by the same counsel. *Id*.

6. Counsel for all three Plaintiffs provided a courtesy copy of each Writ, but upon information and belief, UGI has not been properly joined and served as of the filing of this Notice.

7. Nonetheless, a copy of each Writ has been attached hereto.

8. According to the Abreu Writ, Luis Mercado is a resident of New York. *See* Exhibits 1-2.

9. According to the Peralta Writ, he is also a resident of New York. *See* Exhibit "3."

10. According to all three Writs, UGI has a place of business located in Pennsylvania. *See* Exhibits 1-3.

11. According to all three Writs, Defendant Leeward Construction, Inc. ("Leeward") has a place of business located in Pennsylvania. *See* Exhibits 1-3.

12. According to all three Writs, Defendant Quality Integrated Services, Inc. ("QIS") has a place of business located in Oklahoma. *See* Exhibits 1-3.

### Removal Jurisdiction

13. A defendant may remove a civil action that was filed in state court if the Federal Court would have had original subject matter jurisdiction to address the matter. *See* 28 U.S.C. § 1441.

14. This Court has original subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a), which provides that the district courts shall have original jurisdiction over all actions between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. 28 *U.S.C.* § 1441(b)(2), the "forum defendant rule", does not apply here as UGI has not yet been properly joined and served within the meaning of 28 *U.S.C.* § 1441(b)(2). *See Encompass Insurance Company v. Stone Mansion Restaurant, Inc.,* No.: 17-1479, 2018 U.S. App. LEXIS 23576 (3d Cir. Aug. 22, 2018).

16. At the time of this filing, upon information and belief, neither Defendant Leeward nor Defendant QIS has been properly joined and served.

17. Nonetheless, both Defendants consent, through their counsel, to this removal. 28 U.S.C. § 1446 (b)(2)(a).

24905456v1

**Complete Diversity of Citizenship Exists**

18. Diversity jurisdiction under 28 U.S.C. § 1332 and §1446(c) generally requires complete diversity that is, all plaintiffs must be diverse from all defendants, *see*, e.g., *City of Indianapolis v. Chase Nat'l Bank of City of New York,* 14 U.S. 63, 69 (1941).

19. Here, Citizenship is completely diverse as each Plaintiff is alleged to be a citizen of New York, and Defendants UGI and Leeward are alleged to be citizens of Pennsylvania, while Defendant Quality Integrated Services is alleged to be a citizen of Oklahoma. *See* Exhibits 1-3.

20. Upon information and belief, any claim or demand for alleged personal injuries and/or property damages of the Plaintiffs, including decedent Ana Abreu, will exceed $75,000.00 and therefore the expected demand in this matter exceeds the $75,000.00 amount in controversy requirement set forth in 28 U.S.C. § 1332(a).

**Removal Procedure**

21. Removal of the above-captioned matter is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because this Notice of Removal is filed within 30 days of receipt of the initial pleading, the Writ, by the Moving Defendant.

22. Removal is properly made to the United States District Court for the Middle District of Pennsylvania, under 28 U.S.C. § 1441 (a), because Lackawanna

County, where this action is pending, is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

23.     UGI will file written notice of the filing of this Notice of Removal with the Clerk of the Court of Common Pleas in Lackawanna County, Pennsylvania concurrently with the filing of this Notice of Removal and will serve the same on the Plaintiff and all parties pursuant to 28 U.S.C.§ 1446(d).

**WHEREFORE**, Defendant, UGI Utilities Inc., hereby seeks removal of this action from the Court of Common Pleas in Lackawanna County, Pennsylvania to this Honorable Court.

                                **POST & SCHELL, P.C.**

Date: December 29, 2022        BY:  _____
                                        DANIEL S. ALTSCHULER, ESQUIRE
                                        I.D. # 49470
                                        E-mail:daltschuler@postschell.com
                                        ANTHONY M. KNAPP, ESQUIRE
                                        I.D. # 318554
                                        E-mail:aknapp@postschell.com
                                        Attorneys for Defendant,
                                        UGI Utilities, Inc.
                                        Four Penn Center, 13th Floor
                                        1600 John F. Kennedy Blvd.
                                        Philadelphia, PA  19103-2808
                                        Telephone: 215-587-1000

# CERTIFICATE OF SERVICE

      I, Daniel S. Altschuler, Esquire, hereby state that a true and correct copy of the foregoing *Notice Of Removal Of Defendant, Ugi Utilities, Inc.,* was served via the Electronic Mail and/or USPS Regular Mail, on the date set forth below upon all counsel of record.

                                                    **POST & SCHELL, P.C.**

Date: December 29, 2022        BY: _____
                                                    DANIEL S. ALTSCHULER, ESQUIRE
                                                    ANTHONY M. KNAPP, ESQUIRE
                                                    Attorneys for Defendant,
                                                    UGI Utilities, Inc.

24905456v1

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

|   |   |
|---|---|
| Submitted by: | Attorney for Defendant, UGI Utilities, Inc. |
| Signature: | */s/ Daniel S. Altschuler* |
| Name: | Daniel S. Altschuler, Esquire |
| Attorney No.: | 49470 |